Dear Senator Fontenot:
This is in response to your letter of July 11, 2001, asking whether a restaurant donor under LSA-R.S. 9:2799.3 would have the same standard of negligence applied to it as that applied to an individual donor under LSA-R.S. 9:2799. Restaurant donors under LSA-R.S. 9:2799.3 cannot be sued unless alleged damages occur from "the intentional act or omission or the negligence of the restaurant" while individual donors under LSA-R.S. 9:2799 cannot be sued unless alleged damages stem from "the intentional act or omission or the gross negligence" of the individual donor.
It would appear, from a reading of the statutes as amended, that the legislature intended "gross negligence" as a test for individual donors and ordinary negligence as the standard for restaurant donors inasmuch as restaurants are specifically cited in LSA-R.S. 9:2799.3.
As you know, there is a difference in degrees of negligence. Simple or ordinary negligence, as the term is used in LSA-R.S.9:2799, is the failure to use such care as a reasonably prudent and careful person would use while gross negligence requires more. Black's Law Dictionary describes gross negligence thusly:
 "It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others."
In answer to your question, Senator Fontenot, it would seem that a cause of action against a restaurant would be litigated under LSA-R.S. 9:2799.3; i.e., the defendant restaurant could not assert the "gross negligence" standard of LSA-R.S. 9:2799.
We should add that Louisiana judges and juries have often experienced difficulty in distinguishing between ordinary and gross negligence. There is no easily identifiable, objective test. More often than not, degrees in negligence are determined only after findings of fact are made.
Finally, we note that it would take only a simple legislative amendment to place restaurants in LSA-R.S. 9:2799.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________ H. Charles Gaudin
RPI:HCG/bgc
Date Received:
Date Released: August 10, 2001